UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVSION

WEYERHAEUSER COMPANY, a Washington corporation; WEYERHAEUSER NR COMPANY, a Washington corporation; and ASPEN INSURANCE UK LIMITED, a company formed under the laws of England and Wales,

Plaintiffs,

vs.

AIG PROPERTY CASUALTY, INC., a New Jersey Corporation, LEXINGTON INSURANCE COMPANY, a Delaware corporation; NATIONAL INTERSTATE INSURANCE COMPANY, an Ohio corporation; FIRST MERCURY INSURANCE COMPANY, an Illinois corporation; and THE NORTH RIVER INSURANCE COMPANY, a New Jersey corporation,

Defendants.

No.

King County Superior Court Cause No. 20-2-12152-5 SEA

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(a)**

TO: THE CLERK OF THE COURT;

AND TO: ALL PARTIES AND THEIR COUNSEL OF RECORD.



LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

**PLEASE TAKE NOTICE** that Defendants First Mercury Insurance Company ("FMIC") and The North River Insurance Company ("North River") hereby remove to this Court the state court action described below:

## I. THE SUBJECT LAWSUIT

1. On August 4, 2020, Plaintiffs Weyerhaeuser Company, Weyerhaeuser NR Company, and Aspen Insurance UK Limited ("Plaintiffs") filed a Complaint against FMIC, North River, and other defendants in an action entitled *Weyerhaeuser Company, et al., v. AIG Property Casualty, Inc., et al.*, Superior Court of Washington for King County, case number 20-2-12152-5 (hereinafter the "Subject Lawsuit"). This Complaint was not served. A true and correct copy of the Complaint is filed concurrently with this Notice as **Exhibit A.**

2. On August 28, 2020, Plaintiffs filed an Amended Complaint in the Subject Lawsuit.

3. On September 3, 2020, FMIC and North River learned of the filing of these two pleadings and the Subject Lawsuit for the first time.

4. North River received a copy the Amended Complaint in the Subject Lawsuit from the Washington Office of Insurance Commissioner ("OIC") on September 10, 2020. A true and correct copy of the Amended Complaint, including the OIC's service sheets, is filed concurrently this Notice as **Exhibit B.**

5. At the time of filing this Notice, FMIC has not yet received service from the OIC.

## II. DIVERSITY OF CITIZENSHIP

6. Plaintiffs Weyerhaeuser Company and Weyerhaeuser NR Company (collectively "WH") are incorporated in the State of Washington, with a principal place of business in the State of Washington.



LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

7. Plaintiff Aspen Insurance UK Limited ("Aspen") is a company formed under the laws of England and Wales, and has a principal place of business in London, England.

8. FMIC is Delaware corporation with a statutory home office in Delaware and an administrative office in Morristown, New Jersey.[1]

9. North River is a New Jersey corporation with a statutory and administrative office in New Jersey.

10. AIG Property Casualty, Inc. ("AIGPC") is a foreign company organized under the laws of the State of Delaware with a principal place of business in New York.

11. Lexington Insurance Company ("Lexington") is a foreign insurance company organized under the laws of the State of Delaware with its principal place of business in Massachusetts.

12. National Interstate Insurance Company ("National Interstate") is a foreign insurance company organized under the laws of the State of Ohio with its principal place of business in Ohio.

## III. AMOUNT IN CONTROVERSY

13. The Subject Lawsuit involves Plaintiffs' claims for insurance proceeds under policies of insurance issued by the Defendants with regard to a personal injury claim asserted by an employee of the Defendants' common named insured, Gardner Trucking, Inc. ("Gardner").

14. Aspen issued an umbrella liability policy to WH.

[1] The Complaint and Amended Complaint filed in the Subject Lawsuit incorrectly identifies FMIC as an Illinois corporation in the caption. That caption is reproduced here as it has not yet been amended.



LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

15. National Interstate issued a primary insurance policy to Gardner, which carried a $1,000,000 limit. The primary insurance policy issued by National Interstate is not at issue in the Subject Lawsuit.

16. Lexington issued a first level excess policy, that was excess to the National Interstate primary policy. The Lexington policy carried a $2,000,000 limit.

17. National Interstate issued a second level excess policy, that was excess to the Lexington policy. The National Interstate excess policy carried a $3,000,000 limit.

18. FMIC issued a third level excess policy, that was excess to the National Interstate excess policy. The FMIC excess policy carried a $5,000,000 limit.

19. North River issued a fourth level excess policy, that was excess to the FMIC policy. The North River excess policy carried a $10,000,000 limit.

20. WH was sued by Peter and Silvia Alfaro (collectively "Alfaro") in the Superior Court of the State of California, for the County of Los Angeles, Case No. BC646685 (the "Underlying Action") for personal injuries suffered when Peter Alfaro was working as an employee of Gardner.

21. In the Underlying Action, Alfaro alleged that lumber was negligently loaded onto a truck, and he was injured when the load of lumber fell onto him.

22. Alfaro sought substantial damages as a result of the event at issue in the Underlying Action.

23. WH tendered a claim to Aspen in connection with the Underlying Action.

24. WH also tendered the Underlying Action to the Defendants claiming Additional Insured status.



LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

25. National Interstate agreed to defend WH in the Underlying Action under the primary insurance policy it issued to Gardner.

26. Upon information and belief, National Interstate (under the primary insurance policy it issued to Gardner), WH, and Aspen combined to fund a settlement of the Underlying Action.

27. WH now seeks coverage from the excess policies outlined above. Specifically, WH and Aspen are seeking reimbursement of funds paid toward settlement of the Underlying Action.

28. The total limits of the excess policies are $21,000,000.

29. There is $6,000,000 in limits below the FMIC excess policy. There is $11,000,000 in limits below the North River policy.

30. WH has also asserted claims for bad faith, attorney's fees, and for violation of the Washington Consumer Protection Act.

31. WH also seeks treble damages under the Washington Insurance Fair Conduct Act.

32. Aspen also seeks contribution and subrogation from the Defendants for sums allegedly paid by Aspen.

33. The jurisdictional minimum may be satisfied by claims of general and unspecific damages by attorney's fees, and by punitive damages. *See, e.g.*, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001); *Galt v. Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

34. Based on the damages set forth above, the amount in controversy in this matter is in excess of the $75,000 jurisdictional limitation.



LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

## IV. JURISDICTION

35. For purposes of determining jurisdiction under 28 U.S.C. § 1332, WH is a citizen of the State of Washington, Aspen is a citizen of England and Wales, AIGPC is a citizen of Delaware and New York, Lexington is a citizen of Delaware and Massachusetts, National Interstate is a citizen of Ohio, FMIC is a citizen of Delaware and New Jersey, and North River is a citizen of New Jersey. As such, Plaintiffs and Defendants are citizens of different states.

36. The amount in controversy exceeds $75,000, excluding interest and costs.

37. This Court, therefore, has jurisdiction over this controversy under 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

## V. TIMELINESS

38. FMIC and the North River learned of the Subject Lawsuit filed by WH and Aspen on September 3, 2020. National Interstate was served with the Subject Lawsuit on September 2, 2020. It is unknown whether AIGPC and Lexington have been served with the Subject Lawsuit. This Notice of Removal, filed on September 17, 2020, is timely under 28 U.S.C. § 1446.

39. Counsel for FMIC and North River has conferred with counsel for the other Defendants. All Defendants consent to removal of this matter.

## VI. COPIES OF PROCESS, PLEADINGS, ORDERS, AND MOTIONS IN STATE COURT PROCEEDINGS

40. In accordance with 28 U.S.C. § 1446 and LCR 101, attached to the Verification of State Court Records in support of this notice as **Exhibit 1** through **Exhibit 15** are true and correct copies of all (excluding the records attached to the Notice of Removal) records and proceedings in the Superior Court of King County, Washington, Cause No. 20-2-12152-5 SEA:



LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

| **Exhibit** | **Document** |
|---|---|
| 1. | Summons to AIG Property Casualty, Inc.; |
| 2. | Summons to Lexington Insurance Company; |
| 3. | Summons to National Interstate Insurance Company; |
| 4. | Summons to First Mercury Insurance Company; |
| 5. | Summons to The North River Insurance Company; |
| 6. | Case Information Cover Sheet; |
| 7. | Order Setting Case Schedule; |
| 8. | Notice of Appearance of Aspen; |
| 9. | Faulty Document Notice |
| 10. | Faulty Document Notice |
| 11. | Faulty Document Notice |
| 12. | Faulty Document Notice |
| 13. | Faulty Document Notice |
| 14. | Notice of Appearance of FMIC and North River; and |
| 15. | King County Superior Court Docket. |

41. Notice of this removal will be filed with the Clerk of the King County Superior Court and will be given to all other parties, in accordance with 28 U.S.C. § 1446.



LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

DATED this **17th** day of September 2020.

LETHER LAW GROUP

*/s/ Thomas Lether*
*/s/ Sam Colito*

Thomas Lether, WSBA #18089
Sam Colito, WSBA #42529
1848 Westlake Avenue N, Suite 100
Seattle, WA 98109
P: (206) 467-5444/F: (206) 467-5544
tlether@letherlaw.com
scolito@letherlaw.com
*Counsel for Defendants First Mercury Insurance Company and The North River Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under the penalty of perjury under the laws of the State of Washington that on this date I caused to be served in the manner noted below a true and correct copy of the foregoing on the following party(ies):

Eliot Harris
Miles J. M. Stewart
WILLIAMS, KASTNER, & GIBBS, PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
eharris@williamskastner.com
mstewart@williamskastner.com
*Attorneys for Co-Plaintiff Aspen Insurance UK Limited*

Michael A. Moore
Jocelyn J. Whiteley
CORR CRONIN, LLP
1001 Fourth Avenue, Suite 3900
Seattle, WA 98154-1051
mmoore@corrcronin.com
jwhiteley@corrcronin.com
*Attorneys for Plaintiff Weyerhaeuser Company and its wholly-owned Subsidiary Weyerhaeuser NR Company*

**By: [ ] First Class Mail [X] E-Service/Email [ ] Legal Messenger**

DATED this **17th** day of September 2020 at Seattle, Washington.

*/s/ Adam Arceneaux*________
Adam Arceneaux | Paralegal



LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544